**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RAYMOND COZZI JR.,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-306-Y | |
| § | (Consolidated with Civil Action | |
| **NATHANIEL QUARTERMAN, Director,** § | No. 4:07-CV-330-Y) | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Raymond Cozzi Jr., TDCJ # 1322572, was a state prisoner who is "deemed" in custody of the Texas Department of Criminal Justice, Correctional Institutions Division for purposes of this action. He currently resides in a halfway house in Fort Worth, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On January 21, 2003, pursuant to a plea bargain agreement, Cozzi plead guilty to assault on a public servant in the 371st District Court of Tarrant County, Texas, Case No. 0831107D, and was placed on five years' deferred adjudication community supervision. (Clerk's R. at 30.) On November 4, 2003, Cozzi filed a notice of appeal, which was dismissed as untimely by the Second District Court of Appeals of Texas on December 18, 2003. *Cozzi v. Texas*, No. 2-03-459-CR, 2003 WL 22966275 (Tex. App.–Fort Worth Dec. 18, 2002, no pet.) (not designated for publication). Cozzi also filed a an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure challenging the judgment deferring guilt in the trial court on December 3, 2003. (Clerk's R. for Writ at 3-37.) *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005) ("Procedure in Community Supervision Cases"). On January 6, 2004, the application was dismissed as moot by the trial court because, on the state's motion, Cozzi's guilt was adjudicated by the trial court and sentence was imposed the day before on January 5, 2004. (*Id.* at 57.) Cozzi directly appealed this dismissal order to no avail. *See Ex parte Cozzi*, 138 S.W.3d 454, 455 (Tex. App.–Fort Worth 2004, pet. ref'd); *Ex parte Cozzi*, PDR No. 0893-04. On February 24, 2005, the Second District Court of Appeals affirmed the trial court's judgment adjudicating guilt, and, on July 27, 2005, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Cozzi v. Texas*, 160 S.W.3d 638 (Tex. App.–Fort Worth 2005, pet. ref'd); *Cozzi v. Texas*, PDR No. 714-05. Cozzi did not seek writ of certiorari.

Cozzi sought state postconviction habeas corpus under article 11.07 of the Texas Code of Criminal Procedure by filing six state habeas applications. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005) ("Procedure After Conviction Without Death Penalty"). The first two were

dismissed by the Texas Court of Criminal Appeals because his appeal was still pending. *Ex parte Cozzi*, Application Nos. WR-61,836-01 & WR-61,836-02, at cover. The third and forth applications filed on November 14, 2005, and July 18, 2006, respectively, were denied without written order by the Texas Court of Criminal Appeals on May 24, 2006, and August 9, 2006. *Ex parte Cozzi*, Application Nos. WR-61,836-03 & WR-61,836-04, at cover. The fifth and sixth were dismissed as successive. *Ex parte Cozzi*, Application Nos. WR-61,836-05 & WR-61,836-06, at cover.[1] Cozzi filed this federal petition for writ of habeas corpus on May 22, 2007.[2] Quarterman has filed a motion to dismiss the petition on limitations grounds.

### D. ISSUES

Cozzi raises various grounds for relief challenging the original plea and/or original plea proceedings, the adjudication proceedings, the state appellate process, and the state habeas proceedings.

### E. STATUTE OF LIMITATIONS

Quarterman argues that Cozzi's claims are time-barred and that his petition should be dismissed with prejudice under the federal statute of limitations. (Resp't Answer at 5-9.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] See the state court's case information, *available at* http://www.cca.courts.state.tx.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Cozzi's petition in Civil Action No. 4:07-CV-330-Y, consolidated with this action , is deemed filed on the same date for purposes of this proceeding, although it was delivered to prison authorities for mailing on June 2, 2007, a later date.

3

> habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> >
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> *Id.* § 2244(d)(1)-(2).

To the extent Cozzi's claims involve alleged facts or events related to his original plea or the original plea proceedings, including appellate proceedings, under § 2244(d)(1)(A), the federal statute of limitations commenced when the state court's deferred adjudication judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment on Cozzi's plea of guilty became final and the one-year limitations period began to run upon expiration of the time that Cozzi had for filing a timely notice of appeal on February 20, 2003, and expired one year later on February 20, 2004, absent any applicable tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 548 (2006). Cozzi's state habeas application filed under article 11.072 operated to toll the limitations

period 315 days (from the date it was filed on December 3, 2003, through the date the Texas Court of Criminal Appeals rejected Cozzi's motion for rehearing on October 14, 2004),[3] making a federal petition as to these claims due on or before January 2, 2005 (January 1, 2005, was a holiday). *See Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001). Cozzi's postconviction state habeas applications filed under article 11.07, after the limitations period had already expired, did not operate to further toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cozzi asserted a valid reason to justify his failure to timely file a federal habeas corpus petition as to these claims, and the record reveals none. Thus, he is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Nothing in the record suggests that Cozzi was actively misled by the trial judge, his trial attorney, or the state or was prevented in some extraordinary way from asserting his rights.

To the extent Cozzi's claims involve alleged facts or events related to the adjudication proceedings, including appellate proceedings, under § 2244(d)(1)(A), the limitations period commenced when the judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment adjudicating guilt became final and the one-year limitations period began to run upon expiration of

---

[3] See the state court's case information, *available at* http://www.cca.courts.state.tx.

the time that Cozzi had for seeking certiorari in the United States Supreme Court on October 25, 2005, and closed on October 25, 2006, absent any applicable tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Cozzi's first and second postconviction state habeas applications dismissed because his appeal was still pending did not operate to toll the limitations period for purposes of statutory tolling under § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). His third state habeas application operated to toll the limitations period for 191 days, making a petition as to these claims due on or before May 4, 2007. *See Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Cozzi filed his federal petition on June 2, 2007, 29 days after the due date. Cozzi's forth, fifth and sixth state habeas applications, filed after the limitations period had already expired did not operate to further toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cozzi asserted a valid reason to justify his failure to timely file his federal habeas corpus petition, and the record reveals none. As previously noted, nothing in the record suggests that Cozzi was actively misled by the trial judge, his trial attorney, or the state or was prevented in some extraordinary way from asserting his rights.

To the extent Cozzi's claims involve alleged facts or events related to the state habeas proceedings, infirmities in such proceedings are not cognizable on federal habeas review. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992).

## II. RECOMMENDATION

Cozzi's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred, in part, and denied, in part. All pending motions not previously ruled upon should be DENIED

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 26, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 26, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 4, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE